DAN SIEGEL, SBN 56400
JANE BRUNNER, SBN 135422
KEVIN BRUNNER, SBN 271510
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA  94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Defendant
SEIU LOCAL 87

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELBASSET ELAREF,<br><br>        Plaintiff,<br><br>vs.<br><br>ABLE SERVICES, SEIU LOCAL 87, and<br>DOES 1-25 inclusive,<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:16-cv-06316 SBA<br><br><br>**DEFENDANT SEIU LOCAL 87'S MOTION FOR RELIEF FROM THE NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

## INTRODUCTION

The defendant SEIU Local 87 files this Motion for Relief from the Non-dispositive Pretrial Order of the Magistrate Judge objecting to two portions of the magistrate judge's order. First, SEIU Local 87 objects to the magistrate's order to grant the plaintiff's Motion to Remand. The plaintiff stated in his complaint that after taking a medical leave from his job, the company and SEIU Local 87 refused to return him to his position and then terminated him when the defendant refused to dispatch him from their hiring hall to another janitorial position. The plaintiff's complaint makes clear that the position he intended to return to was a position that is classified as "permanent" which confers rights regarding job security. The union, SEIU Local 87, contends that the plaintiff was not entitled to return to that position as the employer granted the plaintiff permanent status in violation of the Collective Bargaining Agreement (CBA).

---

*Elaref v. Able Services, et al.*, 4:16-cv-06316 SBA
SEIU Local 87's Motion for Relief from the Non-dispositive Pretrial Order of the
Magistrate Judge -1

The complaint alleges two separate adverse actions for which liability does not depend on the same set of facts. In order for the Court to adjudicate whether the plaintiff was returned to the same position he held before his leave, which legally would have had to include the same rights and benefits, the Court must interpret the contract to determine whether the plaintiff had the right under the CBA to return to that "permanent" position, or whether by the terms of the CBA that position belonged to a more senior employee. Because the Court must interpret the CBA to determine liability, the claims based on this action are preempted by Labor Management Reporting Act § 301 and is therefore removable. Additionally, SEIU Local 87 objects to the magistrate judge's order granting plaintiff's motion for attorneys' fees as SEIU Local 87 had an objectively reasonable basis for seeking removal to federal court as the claims are preempted.

## ARGUMENT

**a.   Removal of this Action is Proper Under the Court's Federal Question Jurisdiction as Many of the Plaintiff's Claims are Completely Preempted by the Labor Management Reporting Act § 301, as they Require Interpretation of the Effective Collective Bargaining Agreement to Resolve the Claims.**

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The plaintiff is 'the master of the claim' and 'may avoid federal jurisdiction by exclusive reliance on state law.' Where Congress demonstrated an intent to completely preempt an area of state law, however, a 'well-pleaded complaint' not explicitly stating a federal cause of action may nonetheless be removable to federal court if it falls within the scope of a federal statute. This is because the claim purportedly based on . . . [a] preempted state law is considered from its inception a federal claim and therefore arises under federal law." *Farber v. Safeway, Inc.,* 2012 WL 4466540, at *3–4 (N.D. Cal. Sept. 26, 2012) (Internal citations omitted).

Section 301 of the LMRA states that "suits for the violation of contract between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C § 185(a). "In passing § 301 of the Labor Management Relations Act ("LMRA" or § 301), Congress intended to completely preempt claims 'founded directly on rights created by a collective bargaining agreement.' In addition to preempting claims founded directly on rights

created by a CBA, § 301 preempts claims that are 'substantially dependent on analysis' of a CBA." *Farber,* 2012 WL 4466540, at 3–4 (Internal citations omitted).

In analyzing the plaintiff's claim to determine if it is preempted under LMRA § 301, the Court must look to the plaintiff's cause of action and the defendant's reasons for its actions. *Lingle v. Norge Div. of Magic Chef, Inc*., 486 U.S. 399, 407 (1988). In *Jimeno v. Mobil Oil Corp.* the Ninth Circuit held that the defendant's potential defenses are also relevant to the preemption analysis. 66 F.3d 1514, 1524 (9th Cir. 1995).

"Drawing on Supreme Court precedent [the Ninth Circuit] has articulated a two-step inquiry to analyze § 301 preemption of state law claims. First, a court must determine whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and the analysis ends there*." Kobold v. Good Samaritan Regional Medical Center*, 832 F.3d 1024, 1031 (9th Cir. 2016) (Citing, *Burnside v. Kiewit Pac. Corp*., 491 F.3d 1053, 1059 (9th Cir. 2007)). "If the court determines that the right underlying the plaintiff's state law claim(s) exists independent of the CBA, it moves to the second step, asking whether the right is nevertheless substantially dependent on analysis of a collective-bargaining agreement. Where there is such substantial dependence, the state law claim is preempted." *Id.* at 1032-33.

"[W]hether plaintiff's state law right is substantially dependant on analysis of the CBA, turns on whether the claim can be resolved by looking to verses interpreting the CBA. If the latter, the claim is preempted; if the former, it is not." *Id*. at 1033.  SEIU Local 87 agrees that the plaintiff seeks to vindicate rights established by state law. However, SEIU Local 87 argues that some of plaintiff's claims cannot be resolved without the Court interpreting the terms of the CBA in order to determine liability.

The plaintiff has brought seven claims against both the union to which he belonged, SEIU Local 87, and his employer, Able Services. Plaintiff's claims are for (1) a violation of the California Family Rights Act (CFRA); (2) retaliation for taking leave under the CFRA; (3) discrimination based on race under the Fair Employment and Housing Act (FEHA); (4) retaliation for filing a charge of discrimination; (5) failure to prevent discrimination; (6) wrongful termination in violation of public policy; and (7) intentional infliction of emotional distress. Dkt. 1 p. 11-30.

The plaintiff wrote in his complaint that he held a permanently classified position at Embarcadero Center and that he tried to return to that position after his medical leave ended. Dkt. 1 p. 9-10, ¶¶17-21. The plaintiff stated that the employer and SEIU Local 87 refused to allow him to return to this position and instead his employer informed him that he had to go to the union hiring hall to be dispatched to another "temporary" classified position; the union refused to dispatch him to another position when he showed up at the hiring hall. Dkt. 1 p. 10, ¶¶ 21-24. The plaintiff also stated that he believed he should not be required to be dispatched from the hiring hall to a "temporary" position as he had been given a "permanent" classification. Dkt. 1 p. 11, ¶ 28.

In his complaint, the plaintiff claims that he suffered two adverse actions that led to liability for the defendant: (1) not being restored to his position; and (2) termination. Dkt. 1 p. 12, ¶ 32. The plaintiff claims that he was denied medical leave and retaliated against for taking leave when the defendants refused to "restore plaintiff to the position he held prior to taking his family leave to care for his terminally ill wife **and** terminating him from his job." Id. (Emphasis added). The use of the word "and" in this sentence indicates that plaintiff is complaining about two separate actions against him. The first was the refusal to return him to his exact position and then later terminating him when the defendant failed to dispatch him to another job.  Although the plaintiff argued in his reply brief, and the magistrate judge agreed, that he was only seeking liability based on the fact that he was terminated, that is in opposition to the wording of the complaint, where clearly the plaintiff is also claiming liability based on the fact he was not returned to "the position he held prior to taking his leave."

The plaintiff's complaint makes clear what his prior position includes-his status as a "permanent employee." Dkt. 1 p. 9, ¶ 18; p.11 ¶ 28. The plaintiff's complaint claims that he was an "additional services employee…assigned to work at Embarcadero Center 4." And that "his position at the Embarcadero Center was permanent." Dkt. 1 p. 9, ¶ 17. The plaintiff later argued in his complaint that he should not have to return to the union hiring hall to be dispatched to another position as "he had been a permanent employee at the Embarcadero Center." Dkt. 1 p. 11, ¶ 28. Under the Collective Bargaining Agreement that governs the relations between SEIU Local 87 and Able Services, a member's status as a permanently assigned employee is governed by the CBA and confers substantial rights related to job security. Dkt. 5-1, p. 2, ¶¶ 4-8.

That the plaintiff's complaint seeks to recover on multiple theories for two separate adverse actions is illustrated by the fact that the first adverse action is not dependant on the other. The plaintiff claims that he was not returned to his position which included "permanent" status and that he was then told to go to "the union hiring hall" where "he would be dispatched to sites needing temporary employees." Dkt. 1 p. 11, ¶ ¶ 27-28.  The plaintiff claims that he sought dispatch from the union hiring hall but that they refused to dispatch him. Dkt. 1 p. 11, ¶ 26. However, if during discovery it was proved that the plaintiff never went to the union hall to seek a dispatch, and therefore the union could not be liable for failing to dispatch him, the plaintiff could still seek liability against the union for removing him from his alleged permanent assignment at Embarcadero Center; doing so altered the terms and conditions of employment as it stripped him of his job security.

The defendant's Opposition to Plaintiff's Motion for Remand made clear that in order to determine liability on the first adverse action, the Court would have to interpret the CBA in order to determine if the plaintiff was entitled to be returned to a "permanent" position that offers additional job security, or, if under the CBA, it was proper to send the plaintiff back to the union hiring hall to be dispatched to another temporary position. SEIU Local 87 will argue that the plaintiff was not entitled to a "permanent" position under the CBA as the employer assigned him that position without regard to seniority as required by the CBA, and therefore the plaintiff was not entitled to be returned to that position as a "permanent" employee, and sending him to the union hiring hall to be dispatched was the appropriate remedy under the CBA.

The issue of whether, following his removal from the permanent position, the plaintiff sought dispatch and was or was not denied, is a separate issue that relies on facts unrelated to the adverse action of whether plaintiff was returned to the position he was entitled to after his leave was concluded. For these reasons SEIU Local 87 objects and asks the Court to deny plaintiff's motion for remand.

**b. The Plaintiff's Motion for Attorneys' Fees Should be Denied as SEIU Local 87's Decision to Remove the Case to Federal Court was Objectively Reasonable and Should be Granted.**

The removal statute allows a court remanding the case to award fees and cost, however "[a]bsent unusual circumstances, the courts may award attorneys' fees under Section 1447(c)

only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). SEIU Local 87 objects to the magistrate's non-dispositive order granting attorneys' fees as the defendant's removal had an objectively reasonable basis.

The non-dispositive order was based on the conclusion that the defendant's removal was not objectively reasonable as "[h]is claims are not based on a distinction between temporary and permanent employee status, they are based on being terminated for discriminatory and retaliatory reasons." Dkt. 15 p.7. However, this reasoning is based on only reviewing the plaintiff's complaint in light of the adverse action of being terminated and not separating and including the adverse action of not being returned to the same position. These are separate actions, and the reasonableness of plaintiff's request for removal is to based on both adverse actions alleged in the complaint. Although determining whether, after being sent to the union hiring hall for dispatch, the plaintiff actually did so and was refused, does not require an interpretation of the CBA; looking at whether the plaintiff had a right under the CBA to return to his alleged "permanent" position rather than being sent to the union hiring hall in the first place does require the Court to interpret the CBA to determine whether the defendant will be liable for that adverse action. Although complicated and involving several different pieces, the complaint and the process of the CBA, the defendant's reading of the complaint and how it will interact with the CBA over the course of this litigation was objectively reasonable and in good faith. For these reasons SEIU Local 87 objects and asks the Court to deny plaintiff's motion for attorneys' fees.

Dated: February 6, 2017          SIEGEL & YEE

                                 By: _/s/ Kevin Brunner_____
                                      Kevin Brunner
                                      Attorneys for Defendant
                                      SEIU LOCAL 87